UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NICHOLAS TRAYLOR,<br>          Plaintiff,<br><br>v.<br><br>BERNARD MAZAHERI,<br>RAILWORKS CORPORATION, and<br>MORGAN AND MORGAN,<br>          Defendants. | Civil Action No. 1:22-cv-10221-FDS |

## DEFENDANT RAILWORKS CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant RailWorks Corporation ("RailWorks Corporation") files this memorandum in support of it Motion to Dismiss  Plaintiff Nicholas Traylor's ("Traylor") Complaint with a Jury Demand in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Railworks respectfully requests that this Court dismiss for several independent reasons, as set forth below.

## INTRODUCTION & SUMMARY BASIS FOR DISMISSAL

This is not the first time that Plaintiff has brought these exact claims against RailWorks Corporation.   In December 2019, Plaintiff brought identical charges in the Massachusetts Superior Court for Norfolk County.  A copy of Plaintiff's Superior Court complaint is attached as Exhibit A.  For the reasons discussed below, the Honorable Judge Mark A. Hallal, dismissed Plaintiff's charges entirely in September 2021.   A copy of the clerk's notice dismissing Plaintiff's Superior Court complaint is attached as Exhibit B.  Having failed at the State Court, Plaintiff now attempts to bring his claims again before this Court.

Traylor's claims relate to a separate litigation in which he was a member of a class of former employees of RailWorks Corporation's subsidiary, RailWorks Track Service, Inc., in a

Jared Finnemore v. RailWorks Track Service, Inc. (Case No. 1:16-cv-00395, S.D.IN.), a wage and hour collective action matter.  In January 2017, that matter was settled by written agreement between Jared Finnemore, on behalf of himself and all other opt-in plaintiffs, and RailWorks Track Service, Inc. (the "2017 Settlement Agreement"). Traylor's claims stem from the implementation of the 2017 Settlement Agreement, to which Traylor agreed to be a party by consenting to opt-in to the collective action. Nevertheless, Traylor alleges that he did not consent to the settlement and that the settlement check made out to him was cashed by someone other than him. It appears Traylor has named RailWorks Corporation as a Defendant merely because it was the entity that issued the settlement check to him.

Traylor's instant Complaint with Demand for Jury before this court must be dismissed for several independent reasons.  First and foremost, Plaintiff's claim is duplicate of previous litigation and should therefore be dismissed as frivolous and a waste of judicial resources. Second, pursuant to Fed. R. Civ. P. 12(b)(6), the forum selection and dispute resolution clauses in the 2017 Settlement Agreement vest exclusive jurisdiction of Traylor's claims with the judge who reviewed the 2017 Settlement Agreement and determined that the agreement was fair and reasonable.[1]  This was the basis for the dismissal of Plaintiff's state court claims by Judge Hallal.[2] See Exhibit B.

In addition, even assuming this Court disregards the forum selection and dispute resolution clauses of the 2017 Settlement Agreement, dismissal of Traylor's substantive claims is

---

[1] As noted below, Fed. R. Civ. P. 12(b)(6) is the appropriate mechanism to dismiss a complaint based on a forum selection clause in a controlling agreement, such as the 2017 Settlement Agreement at issue in this case. See Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10 (1st Cir. 2009) (affirming District Courts dismissal based on forum selection clause.)

[2] Judge Hallal's decision stated: "After review of all relevant pleadings-The 2017 Settlement Agreement, signed by the plaintiff specifically states that all disputes relating to the settlement agreement and it implementation shall be within the jurisdiction of United States Magistrate Judge Tom Baver of Indiana. The Plaintiff's claims against Morgan and Morgan relate to the Settlement Agreement and accordingly not within this court's jurisdiction"

still appropriate under Fed. R. Civ. P. 12(b)(6) and well-established law.  Specifically, Traylor's

four-count Complaint alleges that (1) RailWorks breached its fiduciary duty to Traylor (Count I

& V); (2) RailWorks Corporation made a false representation of material fact to commit fraud

upon Traylor (Count II); and (3) the Defendants settled the collective action without Traylor's

knowledge and failed to allow Traylor the opportunity to opt-out of the 2017 Settlement

Agreement (Count III).

Counts I & V of the Complaint must be dismissed because Plaintiff has failed to allege

sufficient facts to establish that RailWorks Corporation owed him a fiduciary duty.  Count II

must be dismissed because Plaintiff has failed to allege a single false representation of material

fact by RailWorks Corporation that would, if true, ground his fraudulent inducement claim.

Finally, Count III should be dismissed against RailWorks Corporation because Plaintiff fails to

allege any facts that would allow this Court to infer that RailWorks Corporation was even

involved in the 2017 Settlement Agreement. Traylor was represented by counsel and signed a

consent to join the collective action and authorized the named plaintiff and his attorney to

negotiate the claims on his behalf.[3]

Accordingly, for all these independent reasons, Traylor's Complaint should be dismissed

in its entirety with prejudice.

---

[3] When Traylor opted-in to the collective action, Traylor also explicitly authorized the named Plaintiff to make decisions on his behalf, including negotiating a resolution of the claims in the underlying collective action, and expressly acknowledged that he would be represented by counsel, Bernard Mazaheri, who is a named Defendant in this action.

I.      **FACTUAL BACKGROUND**

   A.  **The 2017 Settlement Agreement[4]**

This matter relates to a dispute over the implementation of a settlement agreement in a wage and hour collective action entitled Finnemore v. RailWorks Track Service, Inc. (Case No. 1:16-cv-00395, S.D.Ind.) (the "Collective Action").  A true and accurate copy of the executed 2017 Settlement Agreement is attached as Exhibit C.  The underlying Collective Action involved claims that certain employees, including Traylor, were purportedly not paid for time spent traveling to out-of-town job sites.

The 2017 Settlement Agreement was executed by Jared Finnemore, on behalf of himself and all opt-in plaintiffs, and RailWorks Track Service, Inc., and released RailWorks Track Services, Inc. and its parent, Defendant RailWorks Corporation, among other entities, from any and all released claims, as defined in the 2017 Settlement Agreement.  See 2017 Settlement Agreement, ¶1.13 & 3.2.  The 2017 Settlement Agreement further provided that it was contingent upon and would not become effective until the presiding court entered an order approving the settlement as fair, reasonable, and adequate, pursuant to 29 U.S.C. § 216(b). On January 5, 2017, after an in-depth fairness hearing over the 2017 Settlement Agreement, Magistrate Judge Timothy Baker of the United States District Court for the Southern District of Indiana approved the 2017 Settlement Agreement.  See Exhibit D (January 5, 2017 Order).

In the 2017 Settlement Agreement, the signatories represented that they were fully authorized to enter into the agreement and to bind the Parties hereto to the terms and conditions hereof.  2017 Settlement Agreement, ¶ 8.1. To the extent any dispute arose relating to the 2017

---

[4] This Court may consider documents referenced in Plaintiff's complaint without converting the motion to dismiss into a motion for summary judgement.  Because the Complaint references and places at issue the 2017 Settlement Agreement, this Court may consider it upon its review of the instant motion. See e.g., Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996).

Settlement Agreement and its implementation, the 2017 Settlement Agreement included a dispute resolution clause in which the parties to the Collective Action agreed that Judge Baker would retain jurisdiction over any such disputes. Id. at 10.1.  Likewise, the 2017 Settlement Agreement included a forum selection and choice of law clause which provided that any disputes would be "subject to, governed by, construed, enforced, and administered in accordance with the laws of the state of Indiana, both in its procedural and substantive aspects, and shall be subject to the jurisdiction of Judge Baker."  Id. at 13.1.

### B.  Traylor Opted In To the Collective Action

Pursuant to 29 U.S.C. §216(b), "[no] employee shall be a party plaintiff to [a collective action] unless he gives his consent in writing to become such a party and such consent if filed in the court to which such action is brought."  Consistent with this regulation and per the terms of the 2017 Settlement Agreement, 110 individuals joined the Collective Action, including Traylor, by completing and returning a "Consent to Join Collective Action."  A true and accurate copy of Traylor's executed Consent to Join Collective Action, which was filed with the presiding court on September 12, 2016, is attached (Exhibit E).  In his Consent to Join Collective Action, dated August 17, 2016, Traylor authorized Jared Finnemore, the named plaintiff in the Collective Action, "to prosecute the case on [his] behalf and designate[d] [Finnemore] to make decisions on [his] behalf concerning the litigation, *including negotiating a resolution of [his] claims*." (emphasis added).  Traylor further acknowledged that "[he] would be bound by the judgment of the Court on all issues in this case as well as the terms effecting the joining of the lawsuit." He also "agree[d] to be represented by Bernard R. Mazaheri of Morgan & Morgan."

### C.  Plaintiff's Factual Allegations

In his Complaint, Traylor acknowledges that he was represented by counsel, Defendant Mazaheri, in the Collective Action. <u>Complaint</u> at ¶ 1.  He further acknowledges that in his capacity as Traylor's attorney, Defendant Mazaheri agreed to enter into the 2017 Settlement Agreement on Traylor's behalf. <u>Id.</u> at 2. Finally, Traylor acknowledges that, in January 2017, two checks were issued to an individual bearing the name Nicholas Traylor and that those checks were cashed at an ATM in Massachusetts.   <u>Id.</u> at 7, 8, 10, and 12.   Despite these acknowledgements, Traylor alleges that Defendant Mazaheri purportedly never notified him of the settlement, never asked him whether he would accept the settlement, and never sent him a copy of the agreement.  <u>Id.</u> at ¶13-15.  Aside from the allegation that Traylor requested a copy of the 2017 Settlement Agreement from RailWorks Corporation, Traylor's Complaint does not allege a single communication between himself and RailWorks Corporation, or any action or inaction by RailWorks Corporation relating to the 2017 Settlement Agreement. <u>Id.</u> at. 6.

## II.    ARGUMENT

### A.  Standard of Review

Under Fed. R. Civ. P. 12(b)(6), a court will dismiss a claim when it does not "allege 'enough facts to state a claim to relief that is plausible on its face.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 1960 (2009).  Although for purposes of the motion, this Court must accept well-pled and factually supported allegations in the complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Ashcroft*, 129 S. Ct. at 1949-1950.  The Court is also not obligated to accept as true allegations that are "conclusively contradicted by plaintiffs' concessions or otherwise."  *McKenna v. Wells Fargo Bank, N.A.*, C.A. No. 10-10417, 2011 U.S.

Dist. LEXIS 28719, *2 (D. Mass. Mar. 21, 2011).  Further, the "presence . . . of a few conclusory legal terms does not insulate a complaint from dismissal under Fed. R. Civ. P. 12(b)(6) when the facts alleged in the complaint" cannot support the legal conclusion.  *Young v. City of Mt. Rainer*, 238 F.3d 567, 577 (4th Cir. 2001).   In short, a plaintiff has an "obligation to provide the 'grounds' of his 'entitle[ment] to relief' [which] requires more than labels and conclusions, and a formulaic recitation of elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.

### B. Traylor's Claims Must Be Dismissed Because They Are Duplicative of Previously Dismissed Litigation

A district court may summarily dismiss a complaint filed in forma pauperis if it concludes that the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Courts have held that "an in forma pauperis complaint "that merely repeats pending or previously litigated claims may be considered abusive and dismissed." *Veale v. Town of Marlborough*, 1995 U.S. Dist. LEXIS 761at *3 (D.N.H. Jan. 18, 1995) (Court dismissed as frivolous previous claims brought by an indigent plaintiff because the claims were duplicative and had previously been dismissed); *citing Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *see also Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) ("in forma pauperis complaints may be dismissed as frivolous if they seek to relitigate claims that allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff."

Here Plaintiff is not only alleging the claims that are "substantially the same" as those used in a previous litigation, but he has copied previously claims word for word from a previous

complaint which was dismissed with prejudice. Because Plaintiff's present, duplicative claim is frivolous and a waste of judicial resources, it should also be dismissed.

### C. Traylor's Complaint Must Be Dismissed Because the Dispute Resolution and Forum Selection Clauses in the 2017 Settlement Agreement Vest Exclusive Jurisdiction of Traylor's Claims with U.S. Magistrate Judge Baker of the Southern District of Indiana.

Traylor is bound by two clauses in the 2017 Settlement Agreement, which effectively vest exclusive jurisdiction over any dispute involving the 2017 Settlement Agreement and its implementation to U.S. Magistrate Judge Timothy Baker in Indiana.  Under well-established law, the First Circuit follows the federal principle that "forum selection clauses should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." Hebert v. Vantage Travel Serv., 2018 U.S. Dist. LEXIS 35034 at * 7 (D. Mass. Mar. 2, 2018); see also Jacobson v. Mailboxes Etc. USA, Inc., 419 Mass. 572, 575 (1995) ("the parties' agreement as to the place of the action will be given effect unless it is unfair or unreasonable.") Likewise, when an agreement contains a forum selection clause and also provides that the forum's state law will govern interpretation of the contract, Massachusetts courts will look to that state's law "to determine the effect of that clause." Id. Here, the 2017 Settlement Agreement unequivocally and unambiguously states that Indiana's law will govern interpretation and enforcement of the agreement.[5]

In Indiana, courts will enforce forum selection clauses so long as (1) they are reasonable and just under the circumstances, (2) there is no evidence of fraud or overreaching such that enforcement would deprive a resisting party of a day in court, and (3) they are freely negotiated.

---

[5] When the basis for dismissal is lack of jurisdiction as a result of an enforceable forum selection clause, a motion pursuant to Fed. R. Civ. P. 12(b)(6) is the correct vehicle to employ to seek dismissal of the claim. See See Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10 (1st Cir. 2009); see also Boland v. George S. May International Co., 81 Mass. App. Ct. 817, (2012); Casavant v. Norwegian Cruise Line, Ltd., 63 Mass. App. Ct. 785, 790, (2005), cert. denied.

See <u>Adist Co., Inc. v. Gustin</u>, 874 N.E. 2d 1018, 1022 (Ind. Ct. App. 2007).[6]  In this case, the enforceability of the 2017 Settlement Agreement was premised upon a thorough review by the presiding court to confirm the agreement was **fair, reasonable, and adequate**.  Accordingly, Judge Baker's January 5, 2017, Order conclusively establishes that the 2017 Settlement Agreement was reasonable and just and should not be disturbed or contradicted by this Court.[7]  <u>See</u> <u>Exhibit D</u>.

Similarly, there are no facts alleged by Plaintiff to establish that the 2017 Settlement Agreement was anything other than a freely negotiated agreement and/or that inclusion of the forum-selection clause was procured as a result of fraud.  Indeed, the facts conclusively demonstrate that Traylor signed a Consent to Join Collective Action, in which he (1) authorized Finnemore "to make decisions on [his] behalf concerning the litigation, *including negotiating a resolution of [his] claims*," (emphasis added) (2) acknowledged that "[he] would be bound by the judgment of the Court on all issues in this case as well as the terms effecting the joining of the lawsuit," and (3) he "agree[d] to be represented by [Defendant] Mazaheri of Morgan & Morgan."  In his Complaint, Traylor acknowledges that he was represented by counsel and that his counsel entered into the 2017 Settlement Agreement on Traylor's behalf.

---

[6] Although RailWorks Corporation was not a signatory to the 2017 Settlement Agreement, it was a third-party beneficiary because it was identified as a released party. Indiana courts regularly recognize that thirty-party beneficiaries may enforce the terms of a settlement agreement. <u>Estate of Carnahan v. ISM, Inc.</u>, 510 N.E.2d 748 (Ind. App. 1987) (holding that enforcement of agreement by released party was appropriate because the release language in the settlement agreement clearly intended to bestow a benefit by releasing the party from liability).

[7] The Court may consider documents outside the four corners of the Complaint when reviewing 12(b)(6) dismissals when the document is integral or specifically relied upon in the Complaint. <u>Clorox Co. v. Proctor & Gamble Commer. Co.</u>, 228 F.3d 24, 32 (1st Cir. 2000) (finding that when reviewing 12(b)(6) dismissals, courts "may properly consider the relevant entirety of a document integral to or explicitly relied upon in the complaint, even though not attached to the complaint, without converting the motion into one for summary judgment" and citing <u>Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend</u>, 163 F.3d 449, 454 (7th Cir. 1998) ("It is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations."); <u>Schatz v. Republican State Leadership Comm.</u>, 777 F. Supp. 2d 181, 186 (D. Me. 2011) ("Where attached documents contradict the complaint's assertions about them, the documents control."). In this case, the Complaint specifically mentions the 2017 Settlement Agreement and alleges that he did not consent to settlement. Thus, the Settlement Agreement and Traylor's associated Consent to Join Collective Action, are integral to Plaintiff's claims and should be considered in relation to this motion.

Based on these facts, it is clear that Traylor was represented and that he authorized Finnemore and Mazaheri to negotiate for him.  For this reason, and because there are no facts in the Complaint to the contrary, this Court must conclude that the 2017 Settlement Agreement was freely negotiated.  Likewise, there is simply no basis to conclude that the 2017 Settlement Agreement was procured by fraud involving RailWorks Corporation, an entity that was not even a party to the agreement.  The presiding court's January 5, 2017 Order also contradicts any such assertion of fraud relating to the 2017 Settlement Agreement. See Exhibit D.

Moreover, "'[e]ven where the forum-selection clause establishes a remote forum for resolution of conflicts, the party claiming [unfairness] should bear a heavy burden of proof.'" See Carmeuse Lime & Stone v. Illini State Trucking, Inc., 986 N.E.2d 271, 276 (Ind. App. 2013).  Plaintiff has not asserted any facts that would permit this Court to conclude that the forum-selection clause that the parties negotiated in the 2017 Settlement Agreement is unreasonable or unfair under the circumstances.

For these reasons, enforcement of the 2017 Settlement Agreement's forum selection clause is appropriate and Traylor's claims must be dismissed.

## D. There is No Basis to Conclude that RailWorks Corporation Owed Traylor a Fiduciary Duty.

Traylor has also failed to meet his burden of providing specific facts to support his conclusory allegation that RailWorks Corporation owed him a fiduciary duty.  Specifically, in Count I, Traylor alleges that RailWorks Corporation breached fiduciary duties to protect Traylor's rights to property which he had earned, by issuing his property to a third party. Likewise, in Count V, Traylor claims that RailWorks Corporation breached a fiduciary duty to him by refusing to provide him with a copy of the complaint and 2017 Settlement Agreement  in the Collective Action.  Even if these allegations were deemed true, they are insufficient to

establish that RailWorks Corporation owed Traylor a fiduciary duty. As a result,  Counts I and V must be dismissed for failure to state a claim upon which relief may be granted.

To establish a claim of breach of fiduciary duty under Massachusetts law, "there must be a [fiduciary] duty owed to the plaintiff by the defendant and injury to the plaintiff proximately caused by the [defendant's] breach [thereof]." Estate of Moulton v. Puopolo, 467 Mass. 478, 492, (2014). See Baker v. Wilmer Cutler Pickering Hale & Dorr LLP, 91 Mass. App. Ct. 835, 842 (2017). "A fiduciary relationship is one founded on the trust and confidence reposed by one party in the integrity and fidelity of another." Estate of Moulton, 467 Mass. at 492.

Fiduciary duties may arise in one of two ways.  First, as a matter of law, where parties to the subject relationship are cast in archetypal roles, "such as trustee and [beneficiary], guardian and ward, attorney and client," Smith v. Smith, 222 Mass. 102, 106 (1915).  Alternatively, a fiduciary duty may arise as "determined by the facts established," Warsofsky v. Sherman, 326 Mass. 290, 293 (1950), upon "evidence indicating that one person is in fact dependent on another's judgment in business affairs or property matters." Markell v. Sidney B. Pfeifer Found., Inc., 9 Mass. App. Ct. 412, 444 (1978). Massachusetts courts commonly recognize fiduciary relationships, for example, between a trustee-beneficiary, executor-legatee, attorney-client, guardian-ward, etc.  See Markell v. Sidney B. Pfeifer Found., Inc., 9 Mass. App. Ct. 412, 443 (1980); Smith, 222 Mass. at 106.

Here, Traylor does not identify *any* legally recognized fiduciary relationship that existed between him and RailWorks Corporation. There was never any relationship of any nature at all between RailWorks Corporation and Traylor, and he does not allege that any such relationship existed. Indeed, RailWorks Corporation was merely the parent of Traylor's former employer, RailWorks Track Service, which was in an adversarial position to Traylor as a defendant in a

collective action lawsuit that Traylor opted to join.   Because Traylor and RailWorks Corporation did not have any  legally recognized relationship of trust and confidence, RailWorks Corporation did not owe Plaintiff any fiduciary obligation.

Likewise, Traylor does not plead _any_ facts that would support the creation of a fiduciary obligation that RailWorks Corporation owed to Traylor beyond those relationships recognized under law.  Fiduciary duties may arise wherever "faith, confidence, and trust" is reposed by one party "in another's judgment and advice." Doe v. Harbor Sch., Inc., 446 Mass. 245, 252 (2006); see also Cann v. Barry, 293 Mass. 313, 316-317 (1936), quoting Tate v. Williamson, L. R. 2 Ch. App. 55, 61 (1886) (fiduciary duty arises "[w]herever two persons stand in such a relation that, while it continues, confidence is necessarily reposed by one, and the influence which naturally grows out of that confidence is possessed by the other").  Traylor's Complaint fails to allege any basis upon which this Court could conclude that he "reposed trust and confidence" in RailWorks Corporation.

In addition, the terms of the 2017 Settlement Agreement do not contain any language that would confer a fiduciary obligation on RailWorks Corporation.  Importantly, RailWorks Corporation, as the parent to Traylor's employer, was merely a Released Party in the 2017 Settlement Agreement.  RailWorks Corporation did not engage in, and Traylor does not identify, any communications with Traylor that could plausibly demonstrate that Traylor "reposed trust and confidence" in RailWorks Corporation.  Because the record is devoid of any facts to suggest that Traylor had any kind of relationship with RailWorks Corporation, let alone one that gave rise to a fiduciary duty, Counts I and V of the Complaint must be dismissed.  See  UBS Fin. Servs., Inc. v. Alibert, 483 Mass. 396, 409 (2019) (affirming dismissal of defendant's claim that

plaintiff breached a fiduciary duty, where there was no common-law fiduciary obligation, or any special relationship of trust, confident and reliance to give rise to a fiduciary obligation).

Count IV should be dismissed for the independent reason that without the existence of a fiduciary duty between Traylor and RailWorks Corporation, RailWorks Corporation was not obligated to provide him with a copy of the 2017 Settlement Agreement. Indeed, "[a] duty to disclose exists where '(i) there is a fiduciary or other similar relation of trust and confidence, (ii) there are matters known to the speaker that he knows to be necessary to prevent his partial or ambiguous statement of the facts from being misleading, or (iii) the nondisclosed fact is basic to, or goes to the essence of, the transaction.'" Knapp v. Neptune Towers Assocs., 72 Mass. App. Ct. 502, 507, (2008), quoting Stolzoff v. Waste Sys. Intl., Inc., 58 Mass. App. Ct. 747, 763 (2003).[8]

For these reasons, Counts I & V must be dismissed with prejudice.

**E.  Count II Must Be Dismissed Because Traylor Has Failed to Identify a Single False Claim or Misrepresentation by RailWorks Corporation That Resulted in Plaintiff's Fraudulent Inducement to Act.**

In Count II of the Complaint, Traylor makes the conclusory allegation that RailWorks Corporation made a "false representation of a material fact with knowledge of its falsity for the purpose of inducing [Traylor] to act thereon, thus committing fraud on [Traylor] for its own personal gain…" Complaint, ¶ 20. Assuming Traylor intended to plead fraudulent inducement by RailWorks Corporation, his claim is deficient for several reasons.

To establish a claim of fraudulent inducement, a plaintiff must allege facts plausibly suggesting that the defendant knowingly made a false statement of material fact, that it did so for the purpose of inducing the plaintiff to act on it, and that the plaintiff reasonably relied upon that

---

[8] Moreover, as Traylor acknowledges in his Complaint, Traylor was represented by counsel in the Collective Action. For this reason, RailWorks Corporation advised Traylor on two occasions that he needed to contact his attorney.

false statement to his detriment. See <u>Masingill v. EMC Corp.</u>, 449 Mass. 532, 540 (2007). **Vague and general statements cannot constitute an unlawful misrepresentation of fact.** <u>Id.</u> at 544. Instead, **a claim of fraudulent inducement must** be alleged with particularity in accordance with Mass.R.Civ.P. 9(b). See <u>VMS Realty Inv., Ltd. v. Keezer</u>, 34 Mass. App. Ct. 119, 119-20 (1993). This rule "heightens the pleading requirements placed on plaintiffs who allege fraud and deceit." <u>Equipment & Systems for Industry, Inc. v. NorthMeadows Constr. Co., Inc.</u>, 59 Mass. App. Ct. 931, 932 (2003) (rescript). Thus, "at a minimum," Traylor must support any claim of fraudulent inducement by specifically alleging "the identity of the person(s) making the" allegedly fraudulent "representation, the contents of the mis**representation**, and where and when it took place," and must also "specify the materiality of the mis**representation**, [his] reliance thereon, and resulting harm." <u>Id.</u> at 931-32.

In this case, Traylor has not identified any individual from RailWorks Corporation who made any alleged statement on behalf of the company. In addition, Traylor's Complaint is devoid of any allegations pertaining to the contents of any purported misrepresentation, including when and where this misrepresentation took place, the materiality of the misrepresentation, or how he relied on such misrepresentation. Without these critical facts, Traylor cannot set forth a claim for fraudulent inducement and his claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). See <u>CRA Int'l v. Painter</u>, 2017 Mass. Super. LECIS 36, *3-5 (Mass. Sup. Ct. April 11, 2017) (dismissing defendant's fraudulent inducement counterclaim, where defendant's counterclaim only contained vague and general statements in support of defendant's purported fraudulent inducement claim).

**F.  Traylor's Claim that the Defendants Failed to Allow Him to Opt-Out of the 2017 Settlement Agreement Must Be Dismissed.**

In Count III, Traylor attempts to allege that the Defendants defrauded Traylor by entering into the 2017 Settlement Agreement without his knowledge and by failing to allow him to opt-out of the 2017 Settlement Agreement.  As a threshold issue, RailWorks Corporation was not even a signatory party to the 2017 Settlement Agreement.  Further, as explained above, any purported fraud claim must meet the heightened pleading requirements of Mass. R. Civ. P. 9(b).  See Equipment & Systems for Industry, Inc., 59 Mass. App. Ct. at 932.  Traylor's allegations against RailWorks Corporation are woefully deficient and fail to meet this standard, where Traylor has not identified a purported misrepresentation that was made to him by RailWorks Corporation, and where he has failed to disclose the contents of the purported misrepresentation, including when and where this misrepresentation took place, the materiality of the misrepresentation, or how he relied on such misrepresentation to induce him to act.

Any attempt by Traylor to assert such allegations, would be futile as against RailWorks Corporation (or RailWorks Track Service). Specifically, in his Complaint, Traylor acknowledges that he was represented by counsel and that his counsel entered into the 2017 Settlement Agreement on his behalf.  Under these circumstances, the Complaint is devoid of any allegations that would allow this Court to infer that RailWorks Corporation knew or reasonably should have known that Traylor had not been apprised of the terms and conditions of the 2017 Settlement Agreement.  As a purely legal matter, to obtain any of the potential proceeds of the litigation or settlement, Traylor had to affirmatively opt-into the Collective Action.  See 29 U.S.C. §216(b); Exhibit E. To that end, Traylor's conclusory allegations that he was not aware of the 2017 Settlement Agreement and that he was denied the opportunity to opt-out of the 2017 Settlement Agreement are belied by his Consent to Join Collective Action, which conclusively demonstrates

that Traylor vested authority in the named plaintiff and Defendant Mazaheri to negotiate a claim on his behalf.  This Court should not ignore the plain language of the Consent to Join Collective Action.  See e.g., Northern Indiana Gun & Outdoor Shows, Inc., 163 F.3d at 454 ("when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations.").

Because there is no evidence that RailWorks Corporation attempted to defraud Traylor, Traylor's purported fraud claim must be dismissed against RailWorks Corporation.

**III.   Conclusion**

For the foregoing reasons, Defendant RailWorks Corporation respectfully requests that this Court grant its Motion dismiss Traylor's Complaint on the grounds that this Court lacks jurisdiction pursuant to the valid and enforceable forum selection clauses contained in the 2017 Settlement Agreement.  In the alternative, Defendant RailWorks Corporation requests that this Court dismiss Traylor's Complaint in its entirety with prejudice because Traylor fails to state a claim upon which relief may be granted, and award it such other and further relief as the Court deems just and proper.

Respectfully submitted,

Defendant,
RAILWORKS CORPORATION,

By its counsel,


/s/ Stephen T. Paterniti
Stephen T. Paterniti (BBO# 564860)
Austin D. Jones (BBO # 709313)
Jackson Lewis P.C.
75 Park Plaza
Boston, MA 02116
(617) 367-0025
Stephen.Paterniti@jacksonlewis.com
Austin.Jones@jacksonlewis.com

Dated: March 4, 2022


## CERTIFICATE OF SERVICE

This hereby certifies that on this 4th day of March 2022, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.


/s/ Stephen T. Paterniti
Jackson Lewis P.C.

4873-0281-8066, v. 1