UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NICOLAS TRAYLOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. ) 22-10221-FDS |
| BERNARD MAZAHERI, et al., | ) ) |
| Defendants. | ) ) |

**ORDER**

**SAYLOR, C. J.**

*Pro se* plaintiff Nicholas Traylor, who is confined at the Hampden County Correctional Center, has filed a civil complaint in which he alleges that his former attorney, without his authority, settled a claim he had against his former employer. Traylor also filed motions for leave to proceed *in forma pauperis* and for appointment of counsel. One of the defendants has filed a motion to dismiss the complaint as frivolous, but Traylor has not responded to the motion. For the reasons stated below, the Court will deny Traylor's motions and order him to show cause why the complaint should not be dismissed.

**I.    Motion for Leave to Proceed *in Forma Pauperis***

The statutory fee to file a non-habeas civil action is $350; there is also a $52 administrative fee. If a litigant cannot afford the $402 filing fee, he may seek to proceed without prepayment of the fee (or "*in forma pauperis*") by submitting a financial affidavit. 28 U.S.C. § 1915(a)(1). Where the plaintiff is a prisoner, he must also submit a prison account statement. 28 U.S.C. § 1915(a)(2). If a prisoner plaintiff is allowed to proceed *in forma pauperis*, the $52

administrative fee is waived but the prisoner must pay the $350 statutory filing fee over time. 28 U.S.C. § 1915(b).

Traylor's six-month prison-account statement indicates that he is able to pay the $402 filing fee. According to that statement, dated December 10, 2021, and filed in this Court on February 10, 2022, the balances of his personal and savings accounts are $3,181 and $2,083, respectively. The prison-account statement also indicates that in the preceding six months his income exceeded his expenses by $165.97. This shows that his account balances were relatively stable during that period and that the December 2021 account balances are not the result of a recent windfall. Based on that information, the Court will deny the motion to proceed *in forma pauperis*.

## II.     RailWorks's Motion to Dismiss

Although summonses have not issued, defendant RailWorks Corporation, has filed a motion to dismiss the complaint as frivolous. RailWorks argues that this action should be dismissed because (1) it is duplicative of an unsuccessful lawsuit that Traylor brought in the Massachusetts Superior Court for Norfolk County; and (2) the forum-selection and dispute-resolution clauses of the settlement agreement in question vest exclusive jurisdiction over Traylor's claims with the court in another judicial district, which reviewed the settlement agreement and found it to be fair and reasonable. RailWorks further argues that, even if Traylor's claims were not precluded for those reasons, the complaint fails to allege sufficient facts to support a claim against it.

RailWorks filed its motion to dismiss on March 4, 2022, and certified that it sent a copy of the motion to Traylor the same day. Traylor has not filed an opposition to the motion.

## III.    Motion for Appointment of Counsel

Although the Court "may request an attorney to represent any person unable to afford

counsel," 28 U.S.C. §1915(e)(1), a civil plaintiff lacks a constitutional right to free counsel, *see DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). The appointment of counsel in a non-habeas civil action is only required where a party cannot afford an attorney and exceptional circumstances exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. *See DesRosiers*, 949 F.2d at 23. Under the circumstances presented here, Traylor's motion for appointment of counsel will be denied without prejudice.

## IV. Conclusion

For the foregoing reasons,

1. Traylor's motion to proceed *in forma pauperis* is DENIED. If Traylor wishes to proceed with this action, he must, 28 days of this order (that is, by June 10, 2022), pay the $402 filing fee or show good cause why he is unable to do so. Failure to do so may result in dismissal of the action.

2. Traylor's motion for appointment of counsel is DENIED without prejudice.

3. Traylor shall, within 28 days of this order (that is, by June 10, 2022), show cause why this action should not be dismissed for failure to state a claim. Failure to do so will result in dismissal of this action. The clerk shall provide Traylor with a copy of the motion and supporting memorandum filed by RailWorks.

**So Ordered.**

Dated: May 13, 2022

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court